**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GREGORY HAYES,

        Petitioner,

v.                              CASE NO. 2:08-CV-14807
                                HONORABLE GEORGE CARAM STEEH
                                UNITED STATES DISTRICT COURT

WARDEN ZYCH,

        Respondent,
_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241

Gregory Hayes, (petitioner), currently incarcerated at the Federal Correctional Institution in Milan, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he challenges his conviction out of the U.S. District Court for the Eastern District of Wisconsin for one count of conspiracy to possess with intent to distribute cocaine, three counts of possession with intent to distribute cocaine, and seventeen counts of use of a telephone to facilitate the commission of a felony. For the reasons stated below, the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is DENIED.

### I. Background

Petitioner pleaded guilty to the above charges in the United States District Court for the Eastern District of Wisconsin. Petitioner was sentenced to two

1

terms of 336 months in prison, two terms of 240 months, and seventeen terms of 48 months in prison. Petitioner's conviction and sentence were affirmed on appeal. *United States v. Adams,* 125 F. 3d 586, 595-97 (7th Cir. 1997).

Petitioner subsequently filed an unsuccessful post-conviction motion to vacate sentence under 28 U.S.C. § 2255 in the Eastern District of Wisconsin, sought permission from the Seventh Circuit to file a successive motion under 28 U.S.C. § 2255, and filed an unsuccessful motion with the sentencing court under 18 U.S.C. §3582(c)(2) based on Amendment 591 of the United States Sentencing Guidelines. *See Hayes v. United States*, 141 Fed.Appx. 463 (7th Cir. 2005)(affirming denial of motion under section 3582(c)(2)).

Petitioner subsequently filed an appeal from another motion to vacate sentence with the Seventh Circuit. The Seventh Circuit Court of Appeals denied petitioner's request for a certificate of appealability and specifically "caution[ed] Hayes that future frivolous filings may result in the sanctions set forth in Alexander v. United States, 121 F.3d 312 (7th Cir. 1997)." *United States v. Hayes*, No. 05-3863 (7th Cir. Nov. 10, 2005)(order).

Petitioner has now filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he claims that he is actually innocent of the charge of conspiracy to possess with intent to distribute in excess of 500 grams, because the judge who accepted his plea gave him incorrect advice about the minimum and maximum terms of imprisonment to which his guilty plea exposed him.

## II. Discussion

The petition for writ of habeas corpus must be dismissed, because petitioner is challenging his conviction in this case by the United States District Court for Eastern District of Wisconsin.

A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his or her sentence is being executed. *Capaldi v. Pontesso*, 135 F. 3d 1122, 1123 (6th Cir. 1998); *See also Hall v. Eichenlaub,* 559 F. Supp. 2d 777, 779-80 (E.D. Mich. 2008). However, a motion to vacate sentence under § 2255 is the proper avenue for relief as to a federal inmate's claims that his or her sentence was imposed in violation of the federal constitution or laws. *Capaldi*, 135 F. 3d at 1123.

A federal prisoner may bring a claim challenging his or her conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of the defendant's detention. *Charles v. Chandler*, 180 F. 3d 753, 756 (6th Cir. 1999). Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence. *Id.* at 758; *Robinson v. Hemingway,* 175 F. Supp. 2d 915, 916 (E.D. Mich. 2001). The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner and the mere fact that a prior motion to vacate sentence may have

3

proven unsuccessful does not necessarily meet that burden. *In Re Gregory*, 181 F. 3d 713, 714 (6th Cir. 1999). The remedy afforded under § 2255 is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because petitioner has been procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate sentence. *Charles v. Chandler,* 180 F. 3d at 756. Unless the petition is based on newly discovered evidence or a new rule of constitutional law, the mere fact that the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA) might prevent petitioner from filing a second or successive motion to vacate or set aside the sentence, would not render the remedy provided by such motion inadequate or ineffective to allow him to petition for habeas corpus relief under 28 U.S.C. § 2241. *Hervey v. United States*, 105 F. Supp. 2d 731, 733 (E.D. Mich. 2000). Similarly, a habeas petitioner's § 2255 remedy is not inadequate merely because the petitioner permitted the AEDPA's one year statute of limitations to expire. *Charles,* 180 F. 3d at 758.

The circumstances under which a motion to vacate sentence brought pursuant to § 2255 might be deemed inadequate and ineffective so as to permit relief via a writ of habeas corpus under § 2241 are narrow, as the "liberal allowance" of the writ would defeat the restrictions placed on successive petitions or motions for collateral relief imposed by the AEDPA. *United States v. Peterman*, 249 F. 3d 458, 461 (6th Cir. 2001). To date, no federal circuit court has permitted

4

a post-AEDPA petitioner who was not effectively making a claim of "actual innocence" to use § 2241 (via § 2255's savings clause) as a way of circumventing § 2255's restriction on the filing of a second or successive motion to vacate sentence. *Hervey,* 105 F. Supp. 2d at 733 (citing to *Charles v. Chandler,* 180 F. 3d at 757).

Petitioner is not entitled to a writ of habeas corpus under § 2241 to challenge the validity of his guilty plea on the ground that he was not given the correct advice by the judge about the minimum and maximum terms of imprisonment for this charge, because he had an opportunity to challenge his conviction in his prior § 2255 motion to vacate sentence. *See Whitley v. Perez,* 13 Fed. Appx. 283, 285-286 (6th Cir. 2001)(federal prisoner not entitled to a writ of habeas corpus under § 2241 to challenge the validity of his guilty plea, where he failed to establish that a motion to vacate sentence under § 2255 was an inadequate remedy); *Edwards v. United States,* 826 F. Supp. 423, 425-426 (M.D. Fla. 1993)(petitioner's claim that his guilty plea was involuntary is properly raised in a § 2255 motion to vacate sentence, and absent a showing that this remedy is inadequate or ineffective, the district court lacks jurisdiction to entertain a § 2241 petition for writ of habeas corpus). Moreover, petitioner has failed to cite to an intervening change in the law which reflects that he may be actually innocent of the crimes to which he pleaded guilty. *Whitley,* 13 Fed. Appx. at 285.

Without any allegation that his remedy under § 2255 is inadequate or

ineffective, petitioner is not entitled to habeas relief from his criminal conviction and sentence pursuant to 28 U.S.C. § 2241. Moreover, this Court cannot construe this petition as a motion to vacate sentence brought pursuant to 28 U.S.C. § 2255. *See In re Shelton*, 295 F. 3d 620, 622 (6th Cir. 2002)

### III. ORDER

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 is **DENIED.** This dismissal is without prejudice to petitioner filing an application in the United States Court of Appeals for the Seventh Circuit for leave to file a second or successive motion under 28 U.S.C. § 2255. Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F. 3d 501, 504 (6th Cir. 2004), petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

Dated: October 7, 2010

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 7, 2010, by electronic and/or ordinary mail. A copy was also sent to Gregory Hayes # 04572089 at Milan Federal Correctional Institution, P.O. Box 1000, Milan, MI 48160 by ordinary mail.

S/Josephine Chaffee

Deputy Clerk